UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-23774-BLOOM/Elfenbein

NAVAL LOGISTIC, INC.,
d/b/a MIDDLE POINT MARINA

    Plaintiff,

v.

A 50' NORTECH VESSEL,
bearing HULL ID No. AOV50021E898,
*in rem*, and RON YEFFET, *in personam*,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS COUNTERCLAIM

**THIS CAUSE** is before the Court upon Plaintiff/Counter-Defendant Naval Logistic, Inc's ("Naval Logistic" or "Counter-Defendant") Motion to Dismiss Defendants/Counter-Plaintiffs' Counterclaim ("Motion"). ECF No. [20]. Defendants/Counter-Plaintiffs A 50 Nortech Vessel bearing Hull Id No. AOV50021E898 (the "Vessel") and Ron Yeffet ("Yeffet") (collectively "Counter-Plaintiffs") filed a Response in Opposition, ECF No. [23], to which Naval Logistic filed a Reply. ECF No. [28]. The Court has carefully reviewed the Motion, the opposing and supporting submissions, the record, and is otherwise fully advised. For the reasons that follow, Naval Logistic's Motion is granted.

**I.    BACKGROUND**

This action arises out of a contractual dispute between Naval Logistic and Yeffet concerning repairs and storage of the Vessel. On August 21, 2025, Naval Logistic initiated this action for claims of Breach of Contract and Maritime Lien for Necessaries. *See* ECF No. [1] at 3-4. According to Naval Logistic, on February 16, 2024, Naval Logistic and Yeffet entered a

"Shipyard Agreement for [Naval Logistic] to store, repair, and modify the Vessel." *Id.* at ¶ 7. Pursuant to the Shipyard Agreement, "Yeffet agreed to pay [Naval Logistic] for all services provided, including charges for storage," which at the time of the filing of the Complaint, totaled $55,468.80. *Id.* at ¶¶ 8-9. Despite Naval Logistic demanding payment from Yeffet and requesting that he remove the Vessel from the premises, Naval Logistic asserts that "Yeffet has failed or otherwise refused to pay and remove the Vessel from [its] Shipyard." *Id.* at ¶ 11. Accordingly, Naval Logistics contends Yeffet has breached the Shipyard Agreement.

Counter-Plaintiffs filed their An answer to the Complaint and filed a Counterclaim against Naval Logistic. ECF No. [18]. The Counterclaim alleges that Yeffet brought the Vessel to the Shipyard to have Naval Logistic "perform painting and upholstery work[.]" *Id.* at 4 ¶ 2. After discussing the job, Naval Logistic "entered into a contract [with Yeffet] to have work done on the [Vessel]." *Id.* at 5 ¶ 9. "The contract consisted of more than one document and communication, and it required that the work be done to the satisfaction of Ron Yeffet." *Id.* at 6 ¶ 11. Yeffet paid Naval Logistic for the work and "performed all conditions precedent to comply with the terms of the contract." *Id.* at ¶ 12. Naval Logistic, on the other hand, did not uphold its end of the bargain.

While Naval Logistic assured Yeffet it could do the work requested, Naval Logistic "misrepresented its ability to do the job." *Id.* at 5 ¶ 4. Consequently, after working on the Vessel for several years, Naval Logistic never completed the repairs, and the work that was done on the Vessel was either unsatisfactory or not done in a "workmanlike manner." Id. at ¶ 6.[1] Based on Naval Logistic's purported failure to complete the repairs to Yeffet's satisfaction and in a workmanlike fashion, the Counterclaim asserts claims for Failure to Perform in a Workmanlike Manner (Count I) and Breach of Contract (Count II).

---

[1] Counter-Plaintiffs further allege that the work was so unsatisfactory that "it needs to be redone." ECF No. [18] at 6.

Case No. 25-cv-23774-BLOOM/Elfenbein

Naval Logistic now seeks to dismiss the Counterclaim, as Counter-Plaintiffs fail to state a claim upon which relief may be granted in Count I and Count II. ECF No. [20]. As for Count I, Naval Logistic contends that not only do Counter-Plaintiffs fail to allege the essential elements of a breach of workmanlike performance claim, but the parties' Shipyard Agreement forecloses any such breach of warranty claim, as the Agreement expressly disclaims any express or implied warranties for services rendered by Naval Logistic. According to Naval Logistic, Count II must also be dismissed as Counter-Plaintiffs' "fails to allege the basic elements of a contract and breach thereof," and instead provides mere conclusory allegations. Additionally, Naval Logistic argues that the Court should strike the request for attorney's fees, given that Counter-Plaintiffs have failed to establish that either a contract or statute entitles them to such fees.

Counter-Plaintiffs respond that Counts I and II are properly pled because a plaintiff must simply provide a defendant with fair notice of the claim and the grounds upon which it rests, and since Naval Logistic performed the work on the Vessel, it should already be aware of the deficiencies without more specific pleadings. Counter-Plaintiffs also contend that the Shipyard Agreement does not foreclose their Failure to Perform in a Workmanlike Manner claim because the Agreement seeks to impermissibly disclaim all liability. Regarding their entitlement to attorney's fees, Counter-Plaintiffs argue that "[a]ttorney fees have been awarded in the 11th Circuit" and, therefore, they may seek such fees here. The matter has been fully briefed and is now ripe for review.

## II.   LEGAL STANDARD

"On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils–Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez–Arriola v. White Wilson Med. Ctr. PA*, No. 09–495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). A pleading in a civil action must contain "a short and

3

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006). "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted). In considering a motion to dismiss, the court is generally limited to the facts contained in the complaint and attached exhibits. *See Thaeter*, 449

F.3d at 1352. However, pursuant to the incorporation by reference doctrine, "a district court may consider evidence attached to a motion to dismiss without converting the motion into a motion for summary judgment 'if the document is (1) central to the plaintiff's claim; and (2) undisputed, meaning that its authenticity is not challenged.'" *Swinford v. Santos*, 121 F. 4th 179, 187 (11th Cir. 2024) (quoting *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024)).

### III.   DISCUSSION

#### A.  Count I— Failure to Perform in a Workmanlike Manner

"The implied warranty of workmanlike performance obligates every contractor 'to perform services with a reasonable level of competency and safety.'" *Roe Boat, LLC v. N&G Eng'g, Inc.*, No. 19-61503-CIV, 2020 WL 9934411, at *2 (S.D. Fla. Mar. 2, 2020) (citing *Vierling v. Celebrity Cruises, Inc.*, 339 F.3d 1309, 1315 (11th Cir. 2003)). To adequately allege this type of contractual breach, a plaintiff must "allege facts sufficient to demonstrate how [the defendant] performed the contracted-for-services . . . without reasonable care, skill, and safety, such that [the defendant] breached the implied warranty of workmanlike performance." *Naval Logistics, Inc. v. M/V PETRUS*, No. 21-12934, 2022 WL 4128603, at *5 (11th Cir. Sept. 12, 2022).

Here, Counter-Plaintiffs' conclusory allegations fail to set out the elements of the failure to perform claim, let alone the factual details necessary to survive a motion to dismiss. Counter-Plaintiffs merely allege that Naval Logistic "failed to satisfactorily complete the work," the work was "not done in a workmanlike manner," and the painting was unsatisfactory." ECF No. [18] at 5. Counter-Plaintiffs offer no facts explaining what services or repairs Naval Logistic failed to perform or what was deficient about the services rendered. Simply stating that the work was not done in a workmanlike manner is a quintessential conclusory allegation that will not satisfy the plausibility requirement necessary to overcome a motion to dismiss. *See Roe Boat, LLC*, 2020 WL 9934411, at *2 ("The Court need not accept as true Plaintiff's conclusory statement that

'Defendant breached that implied warranty by failing to perform the repairs to the Vessel in a skilled and workmanlike manner[.]"'); *see also Naval Logistic, Inc. v. M/V Salem*, No. 22-21776-CIV, 2023 WL 12175886, at *8 (S.D. Fla. Feb. 28, 2023) (concluding that allegations that the defendant "did not perform the repairs it was hired to perform in a diligent or workmanlike manner" was a "prototypical (and impermissible) 'unadorned, the-defendant-unlawfully-harmed-me accusation.'") (quoting *Iqbal*, 556 U.S. at 678). As such, Count I is dismissed for failure to state a claim upon which relief may be granted.[2]

### B. Count II—Breach of Contract

"It is well-established that a contract . . . to repair a vessel is a federal maritime contract." *F.W.F., Inc. v. Detroit Diesel Corp.*, 308 F. App'x 389, 391 (11th Cir. 2009). "To state a claim for breach of a maritime contract, a plaintiff must allege (1) the terms of a maritime contract, (2) that the contract was breached, and (3) the reasonable value of the purported damages." *Naval Logistic, Inc. v. M/V Salem*, No. 22-21776-CIV, 2023 WL 12175886, at *6 (S.D. Fla. Feb. 28, 2023) (citing *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1249 (11th Cir. 2005); *Naval Logistics, Inc. v. M/V Petrus*, No. 21-12934, 2022 WL 4128603, at *4 (11th Cir. Sept. 12, 2022)).

The Court finds that Counter-Plaintiffs have failed to plausibly establish any element of their breach of contract claim. First, Counter-Plaintiffs have not adequately established the terms of the contract. Counter-Plaintiffs merely allege that the parties "entered into a contract to have

---

[2] Moreover, the allegations in Count I are deficient because, as the Court will explain below, Counter-Plaintiffs have failed to plausibly allege a valid contract exists between the parties, which is necessary to adequately allege a breach of the implied warranty of workmanlike performance. *See M/V Petrus*, 2022 WL 4128603, at *5 ("[T]here can be no breach of the implied warranty [of workmanlike performance] unless there was a contract in the first place[.]"); *see also Am. Marine Tech., Ins v. M/Y Alchemist*, 526 F. Supp. 3d 1236, 1250 (S.D. Fla. 2021) ("Claims for breach of warranty of workmanlike performance sound in contract."). Counter-Plaintiffs cannot rely on the Complaint's allegation that the Shipyard Agreement establishes a valid contract because Counter-Plaintiffs fail to specify whether that is the contract referred to in their Counterclaim and, in any event, Counter-Plaintiffs dispute the validity and enforceability of the Shipyard Agreement.

work done on the boat." ECF No. [18] at 5. However, as the court in *Naval Logistic, Inc. v. MV Salem* explained, simply alleging that a defendant was hired "'to perform repairs on his vessel' is not the equivalent of pleading the terms of the contract." 2023 WL 12175886, at *6.[3] Indeed, Counter-Plaintiffs fail to provide the essential terms the parties agreed upon—i.e., what repairs Naval Logistic agreed to perform,[4] or how much Yeffet agreed to pay for the services. *See M/V PETRUS*, 2022 WL 4128603, at *4 (concluding the plaintiff failed to adequately allege breach of maritime contract where the plaintiff failed to allege what services defendant had agreed to provide).

Counter-Plaintiffs also fail to provide any non-conclusory allegations of a breach. Count II alleges that "[t]he work was not completed" and "was done unsatisfactorily," but those allegations alone are insufficient to plausibly establish a breach. *See M/V Salem*, 2023 WL 12175886, at *7 (concluding that an allegation that "Plaintiff 'breached the agreement by failing to complete any of the repairs it contracted to perform' . . . [wa]s insufficient to plausibly allege a breach of a maritime contract to repair a vessel, especially because the [ ] Counterclaims do not specify the repairs Plaintiff allegedly contracted to perform."); *Roe Boat*, LLC 2020 WL 9934411, at *2 (finding an allegation that "'Defendant failed to properly perform repairs to the Vessel' [wa]s merely conclusory"). Without allegations as to what work was not adequately performed and what

---

[3] Additionally, "it is not even clear whether the at-issue contract is an oral contract or a written contract" as Counter-Plaintiffs fail to allege whether the Shipyard Agreement is the contract that forms the basis of their Breach of Contract claim. *Naval Logistic, Inc.*, 2023 WL 12175886.

[4] At most, Counter-Plaintiffs seem to allege in Count I (the Failure to Perform in Workmanlike Manner Claim) that they expected Naval Logistic to perform "painting and upholstery work." ECF No. [18] at 4 ¶ 2. However, those allegations vaguely describing the scope of the work are not contained within the Breach of Contract claim. Even if the Court were to consider those allegations to determine whether Counter-Plaintiffs adequately alleged the existence of a valid contract, the allegations are still too vague to support Counter-Plaintiffs' Breach of Contract claim. *See M/V Salem*, 2023 WL 12175886, at *6 (finding allegation that plaintiff hired defendant "to complete some engine repairs" was insufficient to establish the terms of the marine contract).

terms of the contract were breached, Counter-Plaintiffs cannot establish their breach of contract claim.

Even assuming Counter-Plaintiffs' conclusory contract and breach allegations were sufficient here, Counter-Plaintiffs offer no allegations as to the reasonable value of the purported damages that resulted from the breach. As the reasonable value of the damages is a necessary element of a claim for breach of a marine contract, *see Sweet Pea Marine, Ltd.*, 411 F.3d at 1249, Count II of the Counterclaim is also dismissed.[5]

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Naval Logistic's Motion, **ECF No. [20]**, is **GRANTED**.

2. The Counterclaim, **ECF No. [18]**, is **DISMISSED WITHOUT PREJUDICE**.

3. Counter-Plaintiffs shall file any Amended Counterclaim no later than **March 4, 2026**.[6]

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 20, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[5] Because both claims in the Counterclaim have been dismissed, there is no need to reach the question of whether Counter-Plaintiffs have plausibly established an entitlement to attorney's fees.

[6] Naval Logistic is correct that Counter-Plaintiffs did not properly seek leave to amend. *See Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1297 (11th Cir. 2025). However, given that the Court's deadline to file amended pleadings has not yet expired, *see* ECF No. [33], the Court will not foreclose Counter-Plaintiffs from filing an amended counterclaim at this time as it does not find amendment would necessarily be futile.